| | |
|---|---|
| SAVANNAH WILSON and<br>ANTHONY WILSON, Parents<br>and Next Friends of<br>L▒▒▒ W▒▒▒, Infant<br>615 Columbia Avenue<br>Cumberland, Maryland 21502<br><br>and<br><br>SAVANNAH WILSON<br>615 Columbia Avenue<br>Cumberland, Maryland 21502<br><br>and<br><br>ANTHONY WILSON<br>615 Columbia Avenue<br>Cumberland, Maryland 21502<br><br>Plaintiffs<br><br>v.<br><br>ZAID EMIL ABOU HAIDAR, M.D.<br>600 Memorial Drive, #302<br>Cumberland, Maryland 21502<br><br>and<br><br>TRI-STATE COMMUNITY<br>HEALTH CENTER, INC.<br>a/k/a TRI-STATE WOMEN'S<br>HEALTH CENTER<br>130-32 West Main Street<br>Hancock, Maryland 21750<br>    Serve on Resident Agent:<br>    Ralph Donnelly<br>    5246 Western Pike<br>    Hancock, Maryland 21750<br><br>and | : IN THE<br><br>: CIRCUIT COURT<br><br>: FOR<br><br>: ALLEGANY COUNTY<br><br>: Case No.: C-10-33777 |

TRUE COPY TEST:
Dawne D. _____ Clerk

1

| | |
|---|---|
| WESTERN MARYLAND HEALTH SYSTEM CORPORATION a/k/a WESTERN MARYLAND HEALTH SYSTEM, INC. a/k/a SACRED HEART HOSPITAL OF THE SISTERS OF CHARITY, INC. a/k/a WMHS BRADDOCK HOSPITAL CORPORATION a/k/a WMHS, INC. 12400 Willowbrook Road Cumberland, Maryland 21502   Serve on Resident Agent:   Jeffrey S. Getty   21 Prospect Square   Cumberland, Maryland 21502 | : : : : : : : |
| Defendants | : |

: : : : : : : : : : :

## COMPLAINT

### COUNT I

COME NOW the Plaintiffs, Savannah Wilson and Anthony Wilson, Parents and Next Friends of L████ W████, Infant, by their attorneys, Jonathan Schochor, Jonathan E. Goldberg, and Schochor, Federico and Staton, P.A. and sues, Zaid Emil Abou Haidar, M.D., Tri-State Community Health Center, Inc. a/k/a Tri-State Women's Health Center, and Western Maryland Health System Corporation a/k/a Western Maryland Health System, Inc., a/k/a Sacred Heart Hospital of the Sisters of Charity, Inc. a/k/a WMHA Braddock Hospital Corporation a/k/a WMHS, Inc., Defendants:

1.  At all times of which the Plaintiffs complain, the Defendant Zaid Emil Abou Haidar, M.D. (hereinafter referred to as "Haidar") represented to the Plaintiff, Infant Plaintiff and the public that he possessed the degree of skill, knowledge and ability possessed by reasonably

2

competent medical practitioners, practicing under the same or similar circumstances as those involving the Plaintiff.

2. The Plaintiffs allege that the Defendant Haidar herein, including duly authorized agents and/or employees of the Defendant Hospital, owed to the Plaintiff and Infant Plaintiff the duty to exercise the degree of care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiffs' condition, careful diagnosis of such condition, employment of appropriate procedures, surgery and/or treatment to correct such conditions without injury upon the Plaintiffs, continuous evaluation of the Plaintiffs' condition and the effects of such treatment, and adjustment of the course of treatment in response to such ongoing surveillance and evaluation -- all of which the Defendant failed to do.

3. The Defendant Haidar was negligent in that he failed to employ appropriate treatment, surgery, tests and/or procedures, failed to carefully and thoroughly evaluate the Plaintiffs' condition, failed to properly and appropriately diagnose the Plaintiffs' condition, failed to thoroughly evaluate the effects and results of any tests and/or procedures performed, failed to properly evaluate the effects of chosen treatment, failed to adjust the Plaintiffs' treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiffs' condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiffs' condition, and was otherwise negligent.

4. The Plaintiffs allege that the Defendant Tri-State Community Health Center, Inc. a/k/a Tri-State Women's Health Center (hereinafter referred to as "Tri-State"), through its

3

agents, servants and employees, owed to the Plaintiffs a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the Plaintiffs' condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiffs, continuous evaluation of the Plaintiffs' condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

5. The Defendant Tri-State, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiffs' condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiffs' treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiffs' condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiffs' condition, failed to diagnose the Plaintiffs' condition and was otherwise negligent.

6. The Plaintiffs allege that the Defendant Western Maryland Health System Corporation a/k/a Western Maryland Health System, Inc. a/k/a Sacred Heart Hospital of the Sisters of Charity, Inc. a/k/a WMHS Braddock Hospital Corporation a/k/a WMHS, Inc. (hereinafter referred to as "Hospital"), through its agents, servants and employees, owed to the Plaintiffs a duty to exercise a degree of care, skill and judgment expected of a competent medical corporation acting in the same or similar circumstances, which duty included the performance of adequate and proper diagnostic tests and procedures to determine the nature and severity of the

Plaintiffs' condition, careful diagnosis of such condition, employment of appropriate procedures, tests, surgery and/or treatment to correct such conditions without inflicting injury upon the Plaintiffs, continuous evaluation of the Plaintiffs' condition and effects of such treatment, and the adjustment of the course of treatment in response to ongoing surveillance and evaluation -- all of which the Defendant failed to do.

7. The Defendant Hospital, through its agents, servants and/or employees, was negligent in that it failed to employ appropriate treatment, surgery and/or procedures, failed to carefully and thoroughly evaluate the Plaintiffs' condition, failed to thoroughly evaluate the effects and results of any tests, treatment and/or procedures performed, failed to adjust the Plaintiffs' treatment in response to appropriate evaluation of the effects of treatment, failed to properly monitor the course of the Plaintiffs' condition and treatment, failed to employ adequate and proper diagnostic procedures and/or tests to determine the nature and extent of the Plaintiffs' condition, failed to diagnose the Plaintiffs' condition and was otherwise negligent. At all times referred to herein, the Defendant Haidar acted for himself and as a duly authorized agent and/or employee of the Defendant Tri-State and/or the Defendant Hospital, acting within the scope of his authority.

8. As the direct and proximate result of the negligence of these Defendants and each of them, the Infant Plaintiff suffered unending physical pain, emotional anguish as well as severe and permanent disability as is more fully described hereinbelow.

9. On April 13, 2009, the Plaintiff, Savannah Wilson, presented to the Defendant Hospital at 40+ weeks (post-dates) and was admitted for macrosomia (a large baby) which had been confirmed via previous ultrasound. At all times referred to herein, it is alleged that the Plaintiff was under the care of the Defendant Haidar, who held himself out to be an expert in

obstetrics and gynecology. The Plaintiff was admitted for induction utilizing a drug known as Pitocin which was given to enhance the strength of her contractions and expedite labor. It is alleged, over time, that the drug was increased.

10. As the labor progressed, it is alleged that the Defendant Haidar appeared at the bedside and determined to utilize a vacuum extractor on this known large baby. It is alleged that the Defendant's decision to utilize the vacuum extractor was to speed the delivery of the baby, pulling the baby down the bony birth canal. Predictably, it is alleged that the Defendant encountered a shoulder dystocia knowing that he had a post-dates mother with a large infant in the uterus. It is asserted that during the course of the shoulder dystocia, the Defendant utilized severe, excess traction in birthing the child. It is alleged that the standards of care required the Defendant to utilize appropriate maneuvers to free the child and deliver safely without pulling on the baby's head and neck so hard that the brachial plexus was torn in the area of C5, C6 and C7. Had the birth occurred in accordance with the standards of care, it is alleged that the severe Erb's Palsy (damage to the brachial plexus) would have been avoided.

11. As the result of the Defendant's failure to adhere to the standards of care, the excess pressure was utilized accomplishing birth of the baby in a severely injured condition. At birth, the baby's left arm was flaccid -- due to nerve damage so severe that the arm could not be utilized in any fashion whatsoever. Subsequently, the baby was discharged to his home with his parents in a severely injured and disabled condition. Thereafter, he was seen at the Kennedy Krieger Institute of the Johns Hopkins Hospital where tests and studies confirmed the most severe brachial plexus injury imaginable -- an avulsion (frank tearing) of the brachial plexus in the area of C5, 6 and 7.

12. On November 12, 2009, the Infant Plaintiff was forced to undergo surgery in an effort to re-graft the nerves and restore some functionality. Tragically, this surgical effort failed and the baby's arm is useless.

13. It is alleged that had the Defendant complied with the applicable standards of care, he would have performed a judiciously timed cesarean section to avoid all of the injury, trauma and disability sustained. Additionally, if he elected a vaginal delivery and the shoulder dystocia was encountered, the Erb's Palsy (damage to the brachial plexus) and all of the subsequent damage and disability would have likewise been avoided, had he adhered to the acceptable standards of care.

14. It is alleged that the Infant Plaintiff suffers with a severe injury to the left arm -- rendering it essentially useless. Further, it is alleged that the Infant Plaintiff has in the past, is presently and will in the future continue to suffer excruciating physical pain, emotional anguish as well as fear, anxiety, humiliation, and embarrassment over his condition. As a direct and proximate result of the negligence complained of, it is alleged that the Infant Plaintiff will be forced to go through life as a one-armed person in a two-armed world. Additionally, it is alleged that his ability to seek and hold gainful employment is severely limited by the injuries inflicted through the negligence of these Defendants.

15. It is alleged that the Infant Plaintiff has in the past, is presently and will in the future continue to incur hospital, surgical, physiotherapeutic, pharmacological, nursing, custodial and other losses for which claim is made. He has lost his state of physical and mental well-being, is unable to engage in activities that other "normal" children take for granted on a daily basis, and will suffer with this overwhelming disability for his entire lifespan.

16. It is alleged that had the Defendants herein conformed with the applicable standards of care, excessive force would have been avoided during the time of the Infant Plaintiff's birth, and all of the injuries, damages as well as permanent disability he has sustained would have been avoided.

17. The Plaintiffs refer to the negligence of these Defendants and each of them as the sole and proximate cause of all of the injuries, damages and disability from which the Infant Plaintiff suffers -- with the Plaintiffs and Infant Plaintiff being in no way contributorily negligent.

18. The negligence complained of occurred in Allegany County. Venue is claimed in Allegany County. The amount in controversy exceeds Thirty Thousand Dollars ($30,000.00).

_____
Jonathan Schochor

_____
Jonathan E. Goldberg

_____
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs

## COUNT II

COMES NOW the Plaintiff, Savannah Wilson, by her attorneys, Jonathan Schochor, Jonathan E. Goldberg, and Schochor, Federico and Staton, P.A. and sues, Zaid Emil Abou Haidar, M.D., Tri-State Community Health Center, Inc. a/k/a Tri-State Women's Health Center, and Western Maryland Health System Corporation a/k/a Western Maryland Health System, Inc., a/k/a Sacred Heart Hospital of the Sisters of Charity, Inc. a/k/a WMHA Braddock Hospital Corporation a/k/a WMHS, Inc., Defendants:

1. The Plaintiff incorporates in this Count those facts set forth in Count I hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

2. As a direct and proximate result of the negligence of the Defendants, the Plaintiff has in the past, is presently and will in the future continue to incur hospital, surgical, physiotherapeutic, pharmaceutical, nursing, custodial, and other losses and expenses for which claim is made.

3. The negligence complained of occurred in Allegany County. Venue is claimed in Allegany County. The amount in controversy exceeds Thirty Thousand Dollars ($30,000.00).

_____
Jonathan Schochor

_____
Jonathan E. Goldberg

9

Schochor, Federico & Staton, PA

Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

Attorneys for the Plaintiffs

## COUNT III

COMES NOW the Plaintiff, Anthony Wilson, by his attorneys, Jonathan Schochor, Jonathan E. Goldberg, and Schochor, Federico and Staton, P.A. and sues, Zaid Emil Abou Haidar, M.D., Tri-State Community Health Center, Inc. a/k/a Tri-State Women's Health Center, and Western Maryland Health System Corporation a/k/a Western Maryland Health System, Inc., a/k/a Sacred Heart Hospital of the Sisters of Charity, Inc. a/k/a WMHA Braddock Hospital Corporation a/k/a WMHS, Inc., Defendants:

1. The Plaintiff incorporates in this Count those facts set forth in Counts I and II hereinabove by reference thereto intending that each and every allegation hereinabove be deemed part hereof as if the same were repeated herein.

2. As a direct and proximate result of the negligence of the Defendants, the Plaintiff has in the past, is presently and will in the future continue to incur hospital, surgical, physiotherapeutic, pharmaceutical, nursing, custodial, and other losses and expenses for which claim is made.

3. The negligence complained of occurred in Allegany County. Venue is claimed in Allegany County. The amount in controversy exceeds Thirty Thousand Dollars ($30,000.00).

_____
Jonathan Schochor

*/s/ Jonathan E. Goldberg*
Jonathan E. Goldberg

*/s/ Schochor, Federico and Staton, P.A.*
Schochor, Federico and Staton, P.A.
The Paulton
1211 St. Paul Street
Baltimore, Maryland  21202
(410) 234-1000

Attorneys for the Plaintiffs

11